### ACTION FOR RECOVERY ON AN UNCOMPLETED CONTRACT.

Superior Court of Cincinnati.

THE H. & S. POGUE COMPANY v. EMMA A. TOWNSLEY.

Decided, October 13, 1914.

*Pleading—In an Action on a Contract But Partly Performed—Effect of Tender of Amount Admittedly Due.*

Where a plaintiff in an action for recovery on a contract alleges partial performance with an excuse for failure to completely perform, a motion lies to make definite and certain an answer which admits performance of a portion of the work and states the value thereof, but omits a statement of the portions of the work left unperformed which is the fact directly in issue.

*Pogue, Hoffheimer & Pogue,* for the motion.
*B. T. Archer,* contra.

MERRELL, J.

The petition sets forth two causes of action, the second of which relates to the labor of workmen supplied by the plaintiff for the decorating of the interior of the defendant's residence. The motion is directed to the answer to the first cause of action. This is founded upon a written agreement for interior decorating, specifying certain rooms in the defendant's residence and particular work to be done in each. The written contract is set out in the pleading. The plaintiff alleges that it performed all of the work contracted for with the exception of certain specific portions which it enumerates as to which it is alleged the completion was prevented by the defendant, and that the cost of completion is $100. In short, the plaintiff alleges partial performance of a contract with an excuse for failure completely to perform.

The answer alleges that the plaintiff performed certain portions of the contract work, specifically defining what was done, and goes on to say that the reasonable value of the work done by the plaintiff is a certain sum and that the defendant has been damaged by the plaintiff's failure completely to perform in a sum of money which is found by subtracting the reasonable value of work done from the contract price. The motion is to require the defendant to make her answer definite and certain by stating in what respects plaintiff did not complete the work contracted for.

The action is founded upon a written contract, the making of which and the partial execution of the work provided for is admitted, and the theory of *quantum meruit* does not enter into the case. Hence the reasonable value of the work performed by the plaintiff can not be an issue in the case nor even an ultimate fact to be found by the jury. It is suggested by the defendant that the determination of what work was actually done by the plaintiff when compared with the work specified in the written contract leaves it as certain as possible what parts of the work were not performed, and that therefore the answer as drawn is sufficiently certain. Whether this suggestion is valid as a method of proof when the case comes on to be tried need

not now be determined. As applied to a statement in the pleadings it is not valid. The pleadings should state only ultimate facts and not evidential matter, and should moreover be such as to direct the jury as simply as possible to the real issues. The scope of the present pleadings is such that the jury's determination will be as to what elements of the contract work were left unperformed and the market value or reasonable cost of completing such unperformed portion. The answer as framed details the portions of the work admittedly performed and the reasonable value thereof, with neither of which will the jury be directly concerned at the trial of the case. The answer omits to state the portions of the work left unperformed, a fact directly in issue.

The contention that the jury can subtract from the performance specified in the contract the elements of part performance stated in the pleadings and thereby ascertain the elements of alleged non-performance can not be approved. It is for the pleader to make his allegations direct and certain and leave as little as possible for construction either by the court or the jury.

The authorities are in accord with the views above expressed, as for example, *Reilly* v. *White*, 234 Pa. St., 115.

The fact that the defendant pleads a tender to the plaintiff of the sum admittedly due under the contract does not justify a pleading otherwise open to criticism.

The motion to make definite and certain is granted.